**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JOSE MAURICIO VARELA,

  Defendant - Appellant.

No. 12-2079
(D.C. Nos. 1:11-CV-00908-RB-LFG
and 2:06-CR-01022-RB-1)

(D. New Mexico)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Defendant Jose Mauricio Varela filed in the United States District Court for

the District of New Mexico a pro se motion under 28 U.S.C. § 2255 for relief

from his sentence. The district court denied the motion. Defendant now seeks a

certificate of appealability (COA) from this court to allow him to appeal the

district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

denial of § 2255 relief). We deny the application for a COA and dismiss the

appeal.

Defendant was convicted by a jury of being a felon in possession of

multiple firearms. *See* 18 U.S.C. § 922(g)(1). We affirmed on direct appeal his

sentence of 120 months' imprisonment, the statutory maximum. *See United*

*States v. Varela*, 586 F.3d 1249 (10th Cir. 2009). On October 11, 2011, Defendant filed his § 2255 motion, which raised four claims for relief from his sentence. Three claims alleged that his counsel had been constitutionally ineffective in failing to pursue the contention that Defendant could not be convicted of being a felon in possession of firearms under 18 U.S.C. § 922(g) because his civil rights had been fully restored by the state of conviction. *See* 18 U.S.C. § 921(a)(20). Defendant argued that his counsel should have (1) moved for dismissal of the indictment based on this argument, (2) introduced evidence at trial to support this argument, and (3) moved for acquittal on the basis of this argument. Defendant's fourth claim was that his counsel was ineffective in failing to argue at sentencing that he should be considered for a downward departure from the Guidelines sentencing range under USSG § 5H. Defendant urged that his attorney should have argued that his age, *see* USSG § 5H1.1, and physical condition, *see id.* § 5H1.4, militated in favor of a sentence below the statutory maximum, and that the failure to so argue prejudiced him. Defendant seeks to appeal only the denial of his fourth claim.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has failed to meet that standard.

To establish a claim of ineffective assistance of counsel, Defendant first had the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688. Second, Defendant had to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.

The magistrate judge issued a well-reasoned and thorough opinion demonstrating that Defendant could not show either that his attorney's performance was constitutionally deficient or that raising the suggested departure grounds would have led to a different sentence. The magistrate judge pointed out that the 2005 Sentencing Guidelines (which applied to Defendant's sentencing) said that age "is not ordinarily relevant in determining whether a departure is warranted," USSG § 5H1.1 (2005), and that "[p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted," *id.* § 5H1.4. Defendant therefore had to show that his age and physical condition were so unique or exceptional that they would have justified a downward departure in the face of policy statements discouraging reliance on

-3-

such factors. *See id.* § 5K2.0 cmt. n.3(C) (2005); *Koon v. United States*, 518 U.S. 81, 95 (1996) ("discouraged factors . . . should be relied upon only in exceptional cases" (internal quotation marks omitted)). The magistrate judge noted that 60 is not a sufficient age to warrant a downward departure and that Defendant's spinal stenosis, back surgery, and disc fusion are not that uncommon and could be accommodated in prison. Although Defendant apparently appeared at sentencing in a wheelchair, the PSR did not include a mention of Defendant's using a wheelchair when it recited his medical problems. The magistrate judge also readily distinguished cases cited by Defendant in which the defendant had received a downward departure. The findings were adopted by the district judge, who had originally sentenced Defendant.

Defendant's application for a COA repeats the arguments urged below. We are not convinced that reasonable jurists could debate the district judge's decision that Defendant's departure arguments would have been very unlikely to succeed in obtaining a lower sentence had they been raised at his sentencing hearing. We note in particular that Defendant's guideline sentencing range would have been 188 to 235 months' imprisonment if not for the statutory maximum of 10 years, *see Varela*, 586 F.3d at 1251, making any further sentence reduction unlikely. We see even less justification for disturbing the district judge's conclusion that it was well within the bounds of counsel's reasonable professional judgment to

choose not to raise these particular departure grounds in the face of sentencing policy statements that discouraged the use of such factors in sentencing.

Because Defendant fails to raise any claim that reasonable jurists would find debatable, we DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge